**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                                )<br>         Plaintiff,                               ) Case No. CV 06-2335-PHX-EHC<br>                                                                )<br>    v.                                                       ) **ORDER AND INJUNCTION**<br>                                                                )<br>DENNIS O. POSELEY; PATRICIA ANN   )<br>ENSIGN, a/k/a PATRICIA MOATS, a/k/a )<br>PATRICIA POSELEY; JOHN F. POSELEY; )<br>MARK D. POSELEY; DAVID W. TREPAS; )<br>a/k/a DAVID MORNINGSTAR; RACHEL   )<br>MCELHINNEY; JEFFREY G. LEWIS;      )<br>KEITH D. PRIEST; and FRANK C.          )<br>WILLIAMS, individually and d/b/a         )<br>INNOVATIVE FINANCIAL                    )<br>CONSULTANTS,                                  )<br>                                                                )<br>         Defendants.                           )<br>_____) | |

On May 15, 2008, the Court held a Status Conference. (Dkt. 68). Following the Status Conference, the Court ordered that Plaintiff would have twenty (20) days to file a motion for summary judgment or the case would be dismissed without prejudice. (Dkt. 69). On June 3, 2008, Plaintiff filed a Motion for Summary Judgment (Dkt. 73) against Defendants Patricia Ann Ensign ("Defendant Ensign) and Dennis O. Poseley ("Defendant Poseley") (collectively "Defendants"). On June 23, 2008, Defendant Ensign, on behalf of herself and Defendant Poseley, filed a motion for extension of time to respond to Plaintiff's Motion for Summary Judgment (styled as "Motion for Extension to Respond to

the United States' Support of Its Motion for Summary Judgment).[1] (Dkt. 81). On June 26, 2008, the Court granted Defendants' request and ordered that Defendants could have sixty (60) days to respond.[2] (Dkt. 83). On August 25, 2008, Defendants filed another Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. (Dkt. 87). The Court granted Defendants' extension, allowing them until September 25, 2008 to file a Response and warning that no further extensions will be granted. (Dkt. 88). On September 25, 2008, Defendants filed a Response (styled as "Reply to Court's Order, Statement of Facts, Memorandum of Law"). (Dkt. 91). On October 9, 2008, Plaintiff filed a Reply. (Dkt. 92).

On August 11, 2008, Defendants Ensign and Poseley filed a "Plea for Reconsideration for Motion to Dismiss for Lack of Jurisdiction; Motion for Determination" (Dkt. 85). On August 20, 2008, Plaintiff filed a Response to Defendants' Plea for Reconsideration and Motion for Determination. (Dkt. 86). On September 5, 2008, Defendants' filed a Reply to Plaintiff's Response (styled as "Response to Government's Objections to Dismiss for Lack of Jurisdiction"). (Dkt. 90).

**I.   Background**

Defendants promoted tax evasion schemes and conducted business through Innovative Financial Consultants ("IFC"), Citizens for Sovereignty ("CFS"), and Information Clearing House ("ICH"). (Dkt. 74, ¶ 1-6). The stated purpose of CFS "was to inform as many people as possible of the inequities in the government of the United States and what can be done by the individual to regain his/her Sovereign rights." (Dkt.

---

[1] The motion was filed *pro se* on behalf of Defendant Ensign and Defendant Dennis Poseley.

[2] The Court provided a detailed warning to Defendants in its June 26, 2008, Order that a failure to respond to Plaintiff's Motion for Summary Judgment could result in summary judgment being granted. (See Dkt. 83). The Court directed Defendants to the appropriate Local Rules of Civil Procedure, provided the complete statutory text of each relevant section, and described what type of response would be necessary.

74, ¶ 3.) CFS advertised and sold, *inter alia*, a "sovereignty" program, including trusts and alleged Social Security rescission packages that purported to withdraw the customers obligation to pay income taxes. (Dkt. 74, ¶ 4-5).

Defendant Poseley also began marketing and selling "Pure Trust Organizations" ("Pure Trusts")[3] and "sovereignty packages" through ICH. (Dkt. 74, ¶ 9) The purpose of these "Pure Trusts" was to evade reporting and paying federal income taxes and to conceal assets and evade Internal Revenue Service ("IRS") collection efforts. (Dkt. 74, ¶ 24). Defendants David Trepas and Rachel McElhinney marketed ICH "sovereignty packages" at regularly held promotional seminars in Phoenix, Arizona and later expanded their seminars to include the sale of Pure Trusts. (Dkt. 74, ¶ 10).

Defendants Poseley and Ensign were co-owners or "managing directors" of IFC, which marketed and sold Pure Trusts. (Dkt. 74, ¶¶ 1-2, 19-24 & Dkt. 91, ¶ 7). Defendants falsely told customers that their Pure Trusts operate outside United States jurisdiction, and they do not need to report trust income for tax purposes. (Dkt. 74, ¶ 27). Defendants falsely explained to their customers that they could place income and assets in onshore and offshore trusts to avoid paying taxes. (Dkt. 74, ¶ 28). The Defendants referred their customers to various accountants, such Frank Williams, who prepared federal income tax returns that excluded the customers' trust income and thus under-reported their income. (Dkt. 74, ¶ 16).

The Defendants' Pure Trusts do not bestow a special tax status on the creators, and the IRS determined that Pure Trusts are shams for federal income tax purposes. (Dkt. 74, ¶ 26). Although the Defendants attempted to disclaim liability as tax or legal experts in their marketing materials, Defendants held themselves out as tax experts to their

---

[3]"Pure trusts are fictitious legal devices that have long been used as part of sales pitches to an unsuspecting public. Their purveyors falsely represent that this trust device can prevent the federal government from levying taxes on assets contained in the trust." See United States v. Karl, 264 Fed.Appx. 550, 552 n. 1 (9th Cir. 2008) (unpublished opinion).

customers and at promotional seminars. (Dkt. 74, ¶ 40 & Dkt. 76-7 at 6). Defendants knew or had reason to know that their tax evasion schemes, including the creation of Pure Trusts, were unlawful and fraudulent. (Dkt. 74, ¶¶ 41-45).

Defendants marketed their tax evasion schemes for at least seven years, from 1996 through 2003. (Dkt. 74, ¶ 19). The Defendants' tax evasion schemes fraudulently reduced their customers' reported tax liabilities. (Dkt. 74, ¶ 48). The IRS has identified and investigated over 1,230 of Defendants' customers and conservatively estimates that the U.S. Treasury has lost over $8,837,000 as the result of the Defendants' tax evasion schemes. (Dkt. 74, ¶¶ 49-50).

On July 11, 2006, Defendant Poseley was convicted of conspiracy to defraud the United States, 18 U.S.C. § 371, and the willful failure to file tax returns, 26 U.S.C. § 7203, and he was sentenced to eighty-four months in jail and fined $175,000. (Dkt. 79, Exh. BB). Defendant Ensign was also convicted for the willful failure to file tax returns, 26 U.S.C. § 7203, and she was sentenced to eighteen months in jail and fined $100,000. (Dkt. 79, Exh. AA).

**II.     Plaintiff's Motion for Summary Judgment**

    **A.     Summary Judgment Standard**

A court must grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995).  The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).  Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party.  Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).  All reasonable inferences are drawn in favor of the nonmovant.  Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

### B. Plaintiff's Statement of Facts and Supporting Exhibits

Plaintiff submitted a voluminous record of documents, including plea agreements of Defendants' criminal co-conspirators, trial testimony transcripts, IFC marketing and organizational documents, and IRS reports.  The facts of the case, as stated above and set forth in Plaintiff's statement of facts and accompanying exhibits, show that Defendants promoted and sold a tax-fraud scheme, and that the Plaintiff is entitled to injunctive relief against Defendants to prevent future harm.

### C. Defendants' Response to Plaintiff's Motion for Summary Judgment

Defendants do not submit any evidence to create a triable issue of fact, and they fail to provide any legal authority in opposition to Plaintiff's Motion for Summary

Judgment.[4] Defendants merely assert the same arguments already advanced and denied by the Court. Defendants argue that the Court lacks jurisdiction, that they relied on a letter from the IRS to Gregory Karl as justification for their "Pure Trust" scheme, and that the IRS failed to comply with the Paperwork Reduction Act.

First, Defendants raise the same meritless argument, regarding lack of jurisdiction, previously raised in their Motion to Stay, Motion to Dismiss, and Motion for Reconsideration. (See Dkts. 7, 25, & 85). Defendants argue that "jurisdiction has not been proven." (Dkt. 91 at 7). The Court has already considered and denied this argument. (Dkt. 28). Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and Internal Revenue Code §§ 7402(a), 7407, and 7408.

Defendants then argue that a letter from the IRS to Gregory Karl ("Karl letter"),[5] supported their creation of "Pure Trusts" to avoid taxation. The reply letter from the IRS merely states, "[w]e cannot process your application for a[n] Employer Identification Number ["EIN"]. A Pure Trust organization has no tax requirements, therefore a[n] [EIN] is not required. If you have any questions, please call us at the IRS telephone number listed in your local directory..." (Dkt. 91, Exh. 1a). This letter does not support the Defendants' actions and is not an authoritative source of law. The taxation of trusts is controlled by substance rather than form and renaming a transaction a "pure trust" cannot avoid taxation. See Zmuda v Comm'r of IRS, 731 F.2d 1417, 1421 (9th Cir. 1984)

---

[4]Defendants allege that they do not have access to the necessary documents to support their statement of facts because their documents were seized by the IRS, documents were shredded immediately following sentencing in their criminal cases, and they could not afford to purchase necessary transcripts. (See Dkt. 91). Many of these 'missing' documents and transcripts, however, are attached as Exhibits to the Declarations of Daniel Applegate and Thomas Klepper in support of Plaintiff's Motion for Summary Judgment, which were served upon and available to the Defendants. (See Dkts. 76, 77, 78, 79, and 80).

[5]Gregory Karl is not associated with the Defendants' tax scheme. Karl's conviction for conspiracy to defraud the United States based on his participation in a scheme to sell Pure Trusts was upheld by the Ninth Circuit. See United States v. Karl, 264 Fed.Appx. 550, 552 (9th Cir. 2008) (unpublished opinion).

(stating "[a]lthough the taxpayer may structure a transaction so that it satisfies the formal requirements of the Internal Revenue Code, the [IRS] Commissioner may deny legal effect to a transaction if its sole purpose is to evade taxation."). Further, the Karl letter does not raise any issue of material fact as to Defendants' conduct. See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment[]" and it is not the Court's task to "scour the record in search of a genuine issue of triable fact" (quoting Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995))).

Finally, Defendants argue that the Paperwork Reduction Act somehow invalidates the authority of the IRS. Defendants fail to adequately explain the relevance of this Act or how it could possibly create a triable issue of fact.

Defendants' conclusory and unsupported allegations are insufficient to create a triable issue of fact. See Angel v Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data."). Even liberally construed, Defendants' Response and other filings do not include any evidence or legal authority in opposition to the Plaintiff's Motion for Summary Judgment.[6] Based upon the undisputed facts in the record and the relevant law, the Court finds that there is no genuine issue of material fact and Plaintiff is entitled to summary judgment against Defendants Dennis O. Poseley and Patricia Ann Ensign.

/ / /

---

[6]Defendants are appearing *pro se*. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, see 28 U.S.C. § 1654, and are entitled to meaningful access to the courts. Rand, 154 F.3d at 957 (citing Bounds v. Smith, 430 U.S. 817, 823 (1977); Wolff v. McDonnell, 418 U.S. 539, 579 (1974); Johnson v. Avery, 393 U.S. 483 (1969); Hatfield v. Bailleaux, 290 F.2d 632, 637 (9th Cir. 1961)). Consequently, the Court tolerates informalities from civil *pro se* litigants like Defendants.

**III.   Defendants' Motion for Reconsideration**

Defendants' "Plea for Reconsideration for Motion to Dismiss for Lack of Jurisdiction; Motion for Determination" requests that the Court reconsider its denials of Defendant Poseley's prior motions to dismiss for lack of jurisdiction. (Dkt. 85).  Because Defendants' "plea" requests reconsideration, the Court will construe it as a Motion for Reconsideration of the June 20, 2007, Order (Dkt. 28).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion."  Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendants argue that the Court lacks jurisdiction because the "United States of America" has no authority to seek an injunction in this Court.  Further, Defendants contend that the "United States of America" and the "United States" are not one and the same and that there is no basis for the United States Attorney or Tax Division to represent the "United States of America."  As noted above, Defendants raised the same arguments previously.  (See Dkts. 7, 25).  The Court has already rejected these arguments and held that "the proper jurisdictional and procedural requirements have been met in this case." (Dkt. 28).

Defendants have not presented any newly discovered evidence, demonstrated that the Court's initial ruling was manifestly unjust, or demonstrated that there has been an intervening change in the law. To the contrary, Defendants' motion repeats the same arguments previously advanced. Thus, reconsideration is denied.

### IV.   Default Judgment Against Defendant Rachel McElhinney

On December 5, 2007, the Court granted Plaintiff's Second Motion for Default Judgment (Dkt. 53) as to Defendant Rachel McElhinney. (See Dkt. 56). In its motion, Plaintiff requested permanent injunctive relief against Defendant McElhinney. Because Plaintiff's motion for default has already been granted and Defendant McElhinney has ceased participating in this case, (See Dkts. 58, 67, 72, 84), the Court will enjoin Defendant McElhinney from further unlawful activity on the same terms as Defendants Poseley and Ensign.

Accordingly,

**IT IS ORDERED granting** the United States' Motion for Summary Judgment (Dkt. 73).

**IT IS FURTHER ORDERED denying** Defendants Dennis O. Poseley and Patricia Ann Ensign's "Plea for Reconsideration for Motion to Dismiss for Lack of Jurisdiction; Motion for Determination" (Dkt. 85).

### PERMANENT INJUNCTION

**IT IS FURTHER ORDERED** that, in accordance with the above opinion, and the Court's December 5, 2007, Order (Dkt. 56), Defendants Dennis O. Poseley, Patricia Ann Ensign (aka Patricia Moats and Patricia Poseley), and Rachel McElhinney and their representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are enjoined from directly or indirectly:

> (a) Making representations, in connection with the organization or sale of any tax shelter, plan, or arrangement, that:

    (1) Pure Trusts have no tax return filing or payment requirements, and are tax-exempt regardless of their activities;

    (2) individuals can assign their income to Pure Trusts and eliminate their income tax return filing and payment requirements while retaining control over the assets and income;

    (3) Pure Trusts operate outside the jurisdiction of the United States; and

    (4) individuals can voluntarily withdraw from filing income tax returns or paying federal taxes by rescinding their Social Security number;

  (b) Selling services or products designed to assist customers to evade reporting, filing, and paying taxes, including:

    (1) preparing or selling documents purporting to create Pure Trusts for individuals;

    (2) obstructing or advising or assisting anyone to obstruct IRS examinations, collection actions, or other IRS actions;

    (3) advising anyone that he or she is not required to file federal tax returns or pay federal taxes;

    (4) instructing, advising, or assisting anyone to stop withholding federal employment taxes from wages;

    (5) selling or distributing any promotional materials containing false commercial speech regarding the internal revenue laws or speech likely to incite others imminently to violate the internal revenue laws;

  (c) Organizing (or assisting in organizing) or participating, directly or indirectly, in the sale of any interest in any entity, plan, or arrangement,

including but not limited to those discussed above, that incites or assists customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities or unlawfully claim improper tax refunds;

(d) Engaging in activity subject to penalty under 26 U.S.C. § 6700, including making, in connection with the organization or sale of any plan or arrangement, any statement about the securing of any tax benefit that the Defendant knows or has reason to know is false as to any material matter;

(e) Engaging in conduct subject to penalty under any provision of the Internal Revenue Code, or engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws;

(f) Engaging in any other activity subject to penalty under Code § 6701; and

(g) Misrepresenting the terms of this injunction.

**IT IS FURTHER ORDERED** that the United States is permitted to engage in post-judgment discovery to ensure compliance with this permanent injunction.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Final Judgment of Permanent Injunction.

DATED this 4th day of November, 2008.

_____
Earl H. Carroll
United States District Judge